## CALKINS v CALKINS

Ohio Commomn Pleas, Lucas Co

Decided Feb 2, 1938

Tuschman & Tuschman, Toledo, for plaintiff.

DeWitt Fisher, Toledo, for defendant.

## OPINION

By ALEXANDER, J.

This cause comes on for hearing on a motion by plaintiff citing defendant to show cause why he should not be punished for contempt, and the record and the evidence.

On March 9, 1933, plaintiff and defendant, then wife and husband, executed a separation agreement, which recited, inter alia, that the husband

"has further agreed that he will pay off the mortgage indebtedness against said automobile and said household furniture."

Subsequently the wife instituted above entitled action for divorce and on October 5. 1933, a decree was granted in her favor, which recited

"It is further ordered that the alimony settlement and agreement heretofore made by the parties hereto be and the same is, hereby approved and confirmed."

Nothing further was said about alimony or the agreement.

Defendant failed fully to perform the above quoted provision of the agreement, and in June 1937 plaintiff sued him in the Municipal Court of Toledo to recover the amount defendant should have paid on the mortgage indebtedness, which amount she herself claimed to have paid.

While this action was pending in the Municipal Court, plaintiff filed the present motion to cite defendant for contempt. Subsequently and while this motion was pending, the Municipal Court rendered judgment for plaintiff against defendant for some three hundred dollars.

This court in no wise impugns the jurisdiction of the Municipal Court (see Kettenring v Kettenring, 29 Oh Ap 62) or the validity of its judgment. The Supreme Court has held, (Mendelson v Mendelson, 123 Oh St 11, Syl. 2).

"A decree of divorce, which is silent on the subject, does not of its own force terminate a separation agreement previously entered into by the parties pursuant to the provisions of §8000, GC."

The action in Municipal Court was based on the separation agreement, and that agreement was still valid and subsisting unless it had been previously terminated by the divorce decree. The decree was silent or the subject unless the approval and confirmation of the agreement be construed as having merged the terms of the contract in the decree.

Of course, it was proper for the court to scrutinize the agreement to determine its

fairness. (14 O. Jur. 556 et seq). The Supreme Court has held (Hassaurek v Markbreit, 68 Oh St 554, p. 580) that it is well settled husband and wife are competent to contract "and their contract, if approved by the court, may be carried into its decree, thus becoming a perpetual obligation."

Here, the contract, while approved by the court, was not carried into its decree. The terms of the contract were embodied in an extraneous document, were not attached to or made a part of the typewritten journal entry which the trial judge signed, nor were they spread upon the journal. In no other way were they made part of the record.

Since a court speaks through its record or journal (35 O. Jur. 8, 17), all the court has said on the subject is that it approved and confirmed the agreement. The court did not say that defendant should pay off the mortgage indebtedness. The contract provided for that—not the journal entry, not the journal, and hence not the court.

It is difficult to see what, if any, odor of sanctity the court's language lent to the separation agreement. Possibly when the court "approved" the agreement, it may have indicated a finding that the agreement was not fraudulent or unconscionable; when it "confirmed" the agreement, it may have meant to make firm or strengthen same, which is the literal meaning of "confirm." Such gestures may have had their psychological effect, but their legal effect is, to say the least, obscure.

It is impossible to say, from the record, just what the court intended by its approval and confirmation. But even the court's intentions carried no weight unless expressed in the judgment. In a case somewhat analogous to case at bar (State v Bell, 34 Wash. 185), it was held a writ of prohibition lies to prevent punishing as for contempt the sale of beer in no way enjoined by the terms of the signed judgment of the court, although the clerk's journal entry of said judgment does enjoin such sale and the judge claims that the journal entry correctly expressed the decision. (The clerk's journal entry in Washington should not be confused with the court's journal entry in Ohio).

To permit an extraneous document, such as the separation agreement, to be treated as a part of the journal entry or journal without being embodied therein or spread thereon, would open the door to that very uncertainty, mistake, controversy and fraud, which the journal of a court is designed to obviate. It is well established that judicial records cannot be varied by parol evidence, nor disputed or explained by proof aliunde (35 O. Jur. 16).

The decree failing to recite defendant's obligation, defendant can hardly be in contempt of court for disobedi- ence of an unstated order— for, if the order be not stated in the journal entry or on the journal, it is no order.

It would seem to follow, therefore, that plaintiff's proper remedy for defendant's breach of the separation agreement was the one she pursued in the Municipal Court.

Plaintiff's motion is overruled and defendant is found not guilty of contempt. An entry may be prepared accordingly with exceptions to plaintiff.